## CUMMINGS *v.* REMICK.

Upon a general finding for the defendant by a referee, the defendant is entitled to judgment notwithstanding the referee states in his report that he has been unable to reach a decision which he is satisfied is correct, and that he finds for the defendant on the ground that the burden of proof is on the plaintiff.

WRIT OF ENTRY for the Stevens place in Lisbon. The defendant pleaded the general issue, with a brief statement disclaiming title in himself, and alleging title in his wife. At the trial before a referee the question was, whether the demanded premises were bought with the defendant's money and the deed taken to his wife to defraud his creditors. Upon that point the referee stated in his report that the evidence was so conflicting that he was unable to reach a decision that he felt satisfied was correct. But he found generally for the defendant "upon the ground that the burden of proof is on the plaintiff on this point." The court ordered judgment for the defendant on the report, and the plaintiff excepted.

*Rand & Morse*, for the plaintiff.

*Bingham, Mitchells & Batchellor*, for the defendant.

SMITH, J. The general finding or award, that the defendant did not disseize the plaintiff, includes the finding that there was no preponderance of evidence in favor of the plaintiff. The referee's statement, that the evidence was conflicting, and that he was unable to reach a satisfactory decision, is not a finding that there was a preponderance of evidence in favor of the plaintiff. If the case had been on trial before a jury, the defendant would have been entitled to the instruction that if there was a balance of evidence in his favor, or if the evidence was evenly balanced, the verdict must have been for him. He was only required to put in as much evidence as the plaintiff to keep the scales in equilibrium. The referee's statement, that the evidence was so conflicting he was unable to reach a satisfactory decision, can have no other legal meaning than that the ground upon which the plaintiff claimed to recover was not proved by a balance of the evidence.

*Exceptions overruled.*

BLODGETT and CARPENTER, JJ., did not sit: the others concurred.